UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

MARTIN CARL MEEHAN,            )
                               )
                    Plaintiff  )
                               )        CAUSE NO.  3:05-CV-514 RM
        v.                     )
                               )
FRANK CANARECCI,               )
                               )
                    Defendant  )

<u>OPINION AND ORDER</u>

Martin Carl Meehan, a pro se prisoner, submitted a complaint asking that the St. Joseph County Sheriff be ordered to relocate him because he wants to sue St. Joseph County and the State of Indiana. Pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. FED. R. CIV. PRO. 12(b)(6) provides for the dismissal of a complaint, or any portion of a complaint, for failure to state a claim upon which relief can be granted. Courts apply the same standard under § 1915A as when addressing a motion under Rule 12(b)(6). <u>Weiss v. Colley</u>, 230 F.3d 1027 (7th Cir. 2000).

> A claim may be dismissed only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.  Allegations of a pro se complaint are held to less stringent standards than formal pleadings drafted by lawyers.  Accordingly, pro se complaints are liberally construed.
> In order to state a cause of action under 42 U.S.C. § 1983, the Supreme Court requires only two elements:  First, the plaintiff must allege that some person has deprived him of a federal right.  Second, he must allege that the person who has deprived him of the right

Dockets.Justia.com

> acted under color of state law. These elements may be put forth in a short and plain statement of the claim showing that the pleader is entitled to relief. FED. R. CIV. P. 8(a)(2). In reviewing the complaint on a motion to dismiss, no more is required from plaintiff's allegations of intent than what would satisfy Rule 8's notice pleading minimum and Rule 9(b)'s requirement that motive and intent be pleaded generally.

Alvarado v. Litscher, 267 F.3d 648, 651 (7th Cir. 2001) (citations, quotation marks and ellipsis omitted).

Mr. Meehan says he wants to sue St. Joseph County and the State of Indiana but he fears that litigation might be impeded while he is housed as an inmate at the county jail. In Meehan v. State of Indiana, No. 3:05-cv-563 AS (N.D. Ind. filed September 6, 2005), Mr. Meehan sued six state and county defendants. On September 8, 2005, this court screened that case pursuant to 28 U.S.C. § 1915A, found that it didn't state a claim for which relief could be granted, and dismissed it. Though there may have been reasons to dismiss this case even had the other survived, now that the other lawsuit has been filed and dismissed, Mr. Meehan's request to be transferred is moot.

For the foregoing reasons, this complaint is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(b)(ii).

SO ORDERED.

ENTERED: September 8 , 2005

   /s/ Robert L. Miller, Jr.
Chief Judge
United States District Court